EPHRAIM PARKER *vs.* PIERRE C. KANE & wife.

A married woman is liable upon a note signed by her jointly with her husband in payment for lumber and materials sold and delivered upon land owned and held by her to her sole and separate use, and designed for and actually used in the repair of buildings standing thereon, she knowing all the facts; and also on notes given in renewal thereof.

CONTRACT upon promissory notes. At the trial in the superior court, before *Rockwell,* J., a verdict was returned for the plaintiff, and the case reported for the determination of this court. The facts are stated in the opinion.

*A. J. Waterman,* for the plaintiff.

*H. W. Bishop,* for the female defendant.

MERRICK, J. No defence to the suit is made by Pierre C. Kane. The other defendant, Edith Kane, admits that she made and signed the notes declared on, but contends that the action cannot be maintained against her for the amount thereof, because when she signed them she was a married woman, the wife of said Pierre. By the provisions of the statute, a married woman may during her coverture enter into any contract in reference to her real and personal estate, in the same manner and to the same effect as if she were sole. *St.* 1857, *c.* 249, § 2. Gen. Sts. *c.* 108, § 3. The notes in suit were given in payment of the balance due on the note for $1200 mentioned in the report. The consideration of that note consisted of lumber and materials sold and delivered by the plaintiff to the defendants. These were furnished to be used in repairs upon the buildings standing upon the estate where the delivery was made. This estate was the sole and separate property of said Edith, and she was in actual possession of it when the lumber was thus delivered by the plaintiff. When it was contracted for, he was informed that she would be responsible to him for the purchase; and the report shows that she knew of its delivery upon the estate by him, and that it was brought and delivered there to be used in the improvement and repairs of the buildings upon her estate, and also that it was in fact afterwards so appropriated

and used. And it was with a full knowledge of these facts relative to the purpose for which the lumber was furnished by the plaintiff, and of the actual use that was made of it, that she signed the said note for $1200 with her husband. The note, having been given in payment for lumber so supplied and used, was plainly a contract in reference to her own separate estate, and one which, under the provisions of the statute, she was competent to enter into, and to bind herself by. The several notes which were afterwards made and signed by her and her husband and given to the plaintiff were made upon the same consideration, and were therefore valid contracts.

If the two defendants could make no valid contract with each other, they could jointly bind themselves by a joint promise of payment to another person. The wife was none the less under obligation to perform her promise because her husband, upon whom the law places no restriction, became jointly bound with her to pay the note to which they affixed their signatures. The conclusion from these considerations is, that, upon the facts reported, the plaintiff is entitled to judgment on the verdict.